## Commonwealth *v.* Bennett, Appellant.

Submitted November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*J. Roy Lilley, William P. Wilson, Lilley & Wilson, Andrew S. Moscrip, William L. Wilson* and *Moscrip & Wilson,* for appellant.

*C. Wayne Smyth,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 16, 1954:

Section 603 of The Game Law of June 3, 1937, P. L. 1225, as amended, 34 PS 1311-603 prohibits the use of steel traps "with a jaw spread exceeding six and one-half inches."

The appellant was trapping for beaver with a trap which measured 6 3/8 inches inside and 6 15/16 inches outside. He was arrested. The Justice of the Peace found him guilty. He appealed. The Court of Quarter Sessions of Bradford County, after a hearing de novo, found him guilty and fined him $50. He appealed.

The question is how to measure a trap to determine its "jaw spread."

President Judge WILLIAM M. ROSENFIELD, said in his opinion:

"The trap showed a distortion of the jaws increasing the jaw spread. Whether this was accidental or designed to secure greater opportunity to catch the game did not appear. Defendant offered no testimony.

"The only question is whether the legislature intended the measurement to be the inside or the outside measurement of the steel jaws . . .

"Inadvertently, the defendant has answered the question in his petition for an allowance of an appeal when he said the traps 'measured 6 3/8" inside jaw spread and 6 15/16" on the outside of the spread'. In other words, defendant states that there are two measurements of the jaw spread, one inside and one outside. There is no dispute about the meaning of the word 'jaw' in the statute. It means the steel part of the trap which unites with another steel part or jaw

to grasp or hold the animal. Plainly, the outside portion of the jaw is as effective in catching or holding the animal as is the inner portion. The Act was designed to limit the catching power of the trap. Here the defendant has accidentally or by design given himself an additional 7/16″ in which to catch the animal. Obviously, the open part in the center will catch nothing; a small mouse conceivably might spring a trap set lightly and escape capture through the center hole. The defendant's contention that the inside dimensions determine is not based upon common sense . . .

"The defendant has produced no citation of authority, no evidence of practice in the trade, and no testimony to show that the inside measurement is the proper measurement. The testimony of the Commonwealth through the game warden was to the effect that the outside measurements are the ones controlling in industry, according to the understanding of the Department."

It is our opinion that the measurement referred to in the act is the measurement of the outside spread of the jaw.

Whether prosecution should be brought against one using a "distorted" trap less than 6½ inches by inside measurement and only 7/16 of one inch over 6½ inches by its greatest outside measurement is a subject upon which we have no jurisdiction to express an opinion.

Judgment and sentence affirmed.